PeARSON, C. J.
 

 We concur with his Honor upon the'qnestion of negligence. It was proven that to
 
 “
 
 blow the whistle” is the usual mode of driving stock from the road. In this instance, one of the cattle was on the tract, -and it was negligence not to use the ordinary means of getting it off.
 

 Extra speed of itself, may not (constitute negligence, but where cattle are
 
 near the road, on each side, and some crossing,
 
 a due regard for human life and property, requires that the speed should be reduced, so as to prepare for an emergency, and be able to stop, if necessary, until the danger is passed ; the neglect of that necessary precaution in this instance, is probably attributable to the fact, that being
 
 “
 
 behind time,” induced the determination to rush on and risk the consequences.
 

 The objection taken in this Court, that it does not appear on the faee of the proceeding, that the eow was valued by freeholders, is not tenable, because the verdict, in the Superior Court, fixed the amount of damages and cured the defect.
 

 So the objection, that the warrant is “ to take 'body of Lane, a director, &c.,” is untenable, because the judgment was entered against the company, and the appeal was taken by it, showing that it was the defendant, and not Mr. Lane, which distinguishes this case from
 
 Insurance Co.
 
 v.
 
 Hicks,
 
 3 Jones’ Rep. 58.
 

 Pee CueiaM, Judgment affirmed.